UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jason Ruiz, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:21-cv-02036-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| Stephen F. Sisolak, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiffs Jason Ruiz, Erin Gomez, and Robert Parker (collectively, "Plaintiffs"). Defendant Clark County School District ("CCSD") and Defendants Aaron Ford and Stephen F. Sisolak ("State Defendants") filed Responses, (ECF Nos. 12–13), and Plaintiffs filed a Reply, (ECF No. 16).

Also pending before the Court are the Motions to Dismiss, (ECF Nos. 14–15), filed by CCSD and the State Defendants. Plaintiffs filed a Response, (ECF No. 17), and CCSD and the State Defendants filed Replies, (ECF Nos. 19–20).

For the reasons discussed below, Plaintiffs' Motion to Remand is **GRANTED in part and DENIED in part**, and the Motions to Dismiss are **GRANTED in part and DENIED in part**.

**I.   BACKGROUND**

This case arises out of the State of Nevada's emergency directives to stem the spread of the COVID-19 pandemic, and specifically, Nevada's requirement that all children remain fully masked while attending school. (Compl. ¶¶ 10–11, Ex. A to Pet. Removal, ECF No. 1-1). Plaintiffs, who are the parents of school-children, claim that this mask mandate violates their fundamental right under Nevada's state constitution to make child rearing decisions. (*Id.* ¶ 12).

Additionally, Plaintiffs claim that the mask mandate inflicts severe emotional distress on students and parents across the school district. (*Id.* ¶ 27).  The Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges six causes of action: (1) Violation of Nevada Constitution, Article I, Section 1; (2) Violation of Nevada Constitution, Article I, Section 8; (3) Violation of Nevada Constitution, Article I, Section 20; (4) Intentional Infliction of Emotional Distress; (5) Violation of Nevada Constitution, Article I, Section 24; and (6) Negligence. (*Id.* ¶¶ 50–106).

Plaintiffs originally filed their Complaint in the Eighth Judicial District Court for Clark County, Nevada. (Pet. Removal ¶ 1, ECF No. 1).  However, CCSD removed the case to the United States District Court for the District of Nevada based on federal question subject matter jurisdiction because the Complaint arises under 42 U.S.C. § 1983. (*Id.* ¶ 6).

## II. LEGAL STANDARD

### A. Motion to Remand

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### B. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Motion to Remand

In their Motion to Remand, Plaintiffs claim that this Court lacks federal question subject matter jurisdiction over this case.[1] (*See generally* Mot. Remand, ECF No. 7). Plaintiffs explain that their Complaint is "wholly based on Nevada State Constitutional claims and other State claims for relief," and thus their claims do not arise under federal law. (*Id.* 3:15–16). However, Plaintiff is mistaken because the Complaint does not arise wholly out of state law. In fact, Plaintiffs' Complaint states, multiple times, that this case is "a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitutions and laws of the United States and the State of Nevada." (Compl. ¶¶ 5–7, 30, 44–46, 54, 66, 75, 95, Ex. A to Pet. Removal). Specifically, claims one, two, three, and five request relief under § 1983. (*Id.* ¶¶ 54, 66, 75, 95). Because Plaintiffs' § 1983 claims arise under federal law, this Court has original subject matter jurisdiction over those claims. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising

---

[1] In the present case, it is clear that the parties lack diversity of citizenship, and so the Court need only address federal question subject matter jurisdiction.

under the Constitution, laws, or treaties of the United States."). Accordingly, the Court denies Plaintiffs' Motion to Remand as it relates to their federal claims.[2]

### B. Motions to Dismiss

In their Motion to Dismiss, the State Defendants argue that Plaintiffs fail to state a claim for which relief can be granted because "Section 1983 claims must allege a right secured by the Constitution or laws of the United States was violated . . . [n]ot [a right secured by the] Nevada Constitution." (Mot. Dismiss 7:7–17, ECF No. 15). The Court agrees.

To state a successful § 1983 claim, a plaintiff must (1) allege a violation of a constitutional right or federal law and (2) show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). In the present case, Plaintiffs assert that claims one, two, three, and five arise under § 1983, but, as outlined above, Plaintiffs only allege violations of rights secured by Nevada law. Since Plaintiffs allege no violations of federal constitutional rights or other federal laws in this case,[3] they cannot meet the first requirement necessary to bring a § 1983 claim. Therefore, Plaintiffs failed to successfully state a § 1983 claim for which relief can be granted. In sum, while this Court has subject matter jurisdiction over this case because Plaintiffs allege federal claims under § 1983,

---

[2] The Court will address supplemental jurisdiction over claims four and six, the state tort claims, *infra*.

[3] A § 1983 case alleging that Nevada's school mask mandate violated federal constitutional rights was previously filed in this Court by Plaintiffs' counsel, but on behalf of a different group of parents. (*See Branch-Noto et al. v. Sisolak et al.*, Case No. 2:21-cv-01507-JAD-DJA). The Complaint in the *Branch-Noto* case is strikingly similar to the Complaint in the present case, with the major difference being that all of the federal violations in *Branch-Noto*'s Complaint were simply replaced with the corresponding violations of Nevada law. It seems that Plaintiffs' counsel intended to upcycle the *Branch-Noto* Complaint into a state court action, but neglected to remove the references to § 1983. Nonetheless, the *Branch-Noto* case has already been dismissed on the merits of its § 1983 claims. (*See* Order, Case No. 2:21-cv-01507-JAD-DJA, ECF No. 38).

because Plaintiffs failed to properly plead their § 1983 causes of action, claims one, two, three, and five must be dismissed.

Because the Court dismisses all of Plaintiffs' federal claims, there are no remaining claims over which the Court has original jurisdiction. While a court can exercise supplemental jurisdiction over state law claims, it may decline to do so where "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3). Here, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state tort claims and remands the case to state court.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 7), is **GRANTED in part and DENIED in part** to the extent consistent with this Order**.**

**IT IS FURTHER ORDERED** that CCSD's and the State Defendants' Motions to Dismiss, (ECF Nos. 14–15), are **GRANTED in part and DENIED in part**. The Court dismisses claims one, two, three, and five **with prejudice**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Eighth Judicial District Court, Clark County, Nevada.

The Clerk is instructed to close this case.

**DATED** this __28__ day of December, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT