MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:    (702) 792-3773
Facsimile:    (702) 792-9002
Email: ferrariom@gtlaw.com
           hendricksk@gtlaw.com
           welchkirmsew@gtlaw.com

*Attorneys for Defendant Clark County School District*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON RUIZ, individually and on behalf of JANE DOE MINOR *NO. 1*, as guardian of said minor; ROBERT PARKER, individually and on behalf of JOHN DOE MINOR *NO. 1* and JANE DOE MINOR *NO. 2*, as guardian of said minors; ERIN GOMEZ, individually and on behalf of JOHN DOE MINOR *NO. 2* and JANE DOE MINOR *NO. 3*,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada; AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada; CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 through 100,<br><br>Defendants. | Case No. 2:21-cv-02036-GMN-BNW<br><br>**CLARK COUNTY SCHOOL DISTRICT'S MOTION FOR ATTORNEYS' FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

Clark County School District ("CCSD"), by and through its undersigned counsel, GREENBERG TRAURIG, LLP, hereby submit this Motion for Attorneys' Fees ("Motion"). This Motion is based on the following Memorandum of Points and Authorities, the affidavit of Whitney Welch-Kirmse, Esq. and attachments hereto and any oral argument entertained by the Court.

/ / /

ACTIVE 62328215v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

As this Court is aware, COVID-19 has been circulating in the United States since approximately January 2020 causing significant illness and death. Pursuant to guidance from the American Academy of Pediatrics, the CDC, the Department of Education, the American Medical Association and the Southern Nevada Health District concerning safe and effective measures to mitigate the spread of COVID-19, CCSD has required face masks to be worn at school since the start of the 2021 school year ("CCSD Policy"). Plaintiffs' attorneys filed two separate but almost identical lawsuits challenging CCSD's Policy on behalf of parents. CCSD prevailed in both lawsuits at the pleading stage.[1]

There are several reasons why this Court should award attorney fees to CCSD. First, Plaintiffs filed this case to forum shop their legal theories and had no basis to file a separate action in state court. Indeed, at the time Plaintiffs initiated this case, Plaintiffs' attorneys had already filed class action claims in federal court on legal theories identical to those presented here.[2] The Plaintiffs should have asserted their claims in the Branch-Noto Case instead of forcing CCSD to incur unnecessary fees defending a separate lawsuit that Plaintiffs' have now stipulated to dismiss with prejudice post-remand to state court.

Second, attorneys' fees are warranted because Plaintiffs filed their claims knowing that caselaw did not support them, and thus, the claims were frivolous. Significantly, the Branch-Noto Court in dismissing claims identical to Plaintiffs', noted that Plaintiffs largely conceded at oral argument that Plaintiff's legal theories were unsupported by any case law. *See* Dismissal Order (ECF 38) ("Order"), p. 6, citing Tr. at pp. 26-27. Although it did not hear oral argument, this Court also found Plaintiffs' legal theories lacked merit. It asserted original subject matter jurisdiction over Plaintiff's § 1983 claims

---

[1] *See* Dismissal Order (ECF 38) in *Branch-Noto, et al. v. Clark County School District, et al.* (Case No. 2:21-cv-01507-JAD-DJA) (the "Branch-Noto Case"). *See* this Court's Order dated 12/28/2021 (ECF 21 at fn 3). After this Court remanded Plaintiffs' state law claims, Plaintiffs agreed to dismiss the case <u>with prejudice</u>. *See* **Exhibit A** attached hereto.

[2] Plaintiffs' attorneys filed their first challenge to CCSD's mask policy in Federal Court with different parent plaintiffs on August 12, 2021. See *Branch-Noto, et al. v. Clark County School District, et al.* (Case No. 2:21-cv-01507-JAD-DJA) (the "Branch-Noto Case"). *See* Dismissal Order (ECF 38). This Court astutely recognized the similarity between the cases noting "Plaintiffs' counsel intended to upcycle the Branch-Noto Complaint into a separate state court action." *See* Order dated 12/28/2021 (ECF 21 at fn 3).

which confirmed CCSD's position that Plaintiffs had no basis to file a separate lawsuit in state court.[3] Further, this Court dismissed Plaintiffs' federal claims <u>with prejudice</u> stating "since Plaintiffs allege no violations of federal constitutional rights or other federal laws in this case, they cannot meet the first requirement necessary to bring a § 1983 claim.[4] The elements required to assert a claim under § 1983 are in no way ambiguous and the failure of Plaintiffs to identify a violation of a federal right or law demonstrates the frivolity or Plaintiffs' case at the outset.

CCSD was forced to expend valuable resources to defend longstanding case law and precedent that support its ability to implement school policies to protect the students its serves. Pursuant to 42 U.S.C. § 1988, an award of attorneys' fees is justified.

## ARGUMENT

This Court asserted original subject matter jurisdiction over Plaintiffs' federal claims prior to dismissing the same with prejudice and remanding the remaining state law claims. (ECF 21 at 4:19-20). The award of attorneys' fees pursuant to 42 U.S.C. § 1988 is collateral to this Court's dismissal of Plaintiffs' federal claims with prejudice. *See Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (retaining jurisdiction after the remand to entertain Plaintiffs' motion for attorneys' fees). Therefore, this Court retains jurisdiction to hear the instant Motion. *See Cooter Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990) (finding the Court retains jurisdiction to hear the parties' motions for the award of attorneys' fees and costs even after dismissal of plaintiff's § 1983 claim and remand of plaintiff's pendent state law claims); *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 102 S.Ct. 1162 (1982)(same).

CCSD is entitled to an award of the attorney's fees incurred in defending against the Plaintiffs' federal claims.[5] Plaintiffs brought an action which did not meet a basic element of a Section 1983 claim—violation of a federal right or law. Plaintiffs' claims were frivolous and CCSD should be awarded its attorneys' fees.

///

---

[3] *See* Order (ECF 21) at 4:13-20. This Court denied Plaintiffs' Motion to remand as it relates to their federal claims.

[4] *See* Order (ECF 21) at 5:8-15.

[5] CCSD is not seeking to recover its costs seeing as they are minimal.

- 3 -

A.     **CCSD IS ENTITLED TO ITS ATTORNEYS' FEES**

CCSD is entitled to attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54-14, and Title 42 U.S.C. § 1988.

  1.     **CCSD Is Entitled to its Costs as the Prevailing Party**.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." A party is considered a prevailing party where it "succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278 – 79 (1st Cir. 1978). Here, because Plaintiffs' federal claims against CCSD were dismissed with prejudice, CCSD is unquestionably the prevailing party. CCSD is seeking to recover the costs it incurred *via* attorneys' fees.

  2.     **CCSD Is Entitled to an Award of Attorneys' Fees.**

A prevailing party in a proceeding brought under 42 U.S.C. § 1983 may move for an award of reasonable attorneys' fees. 42 U.S.C. § 1988. "In enacting § 1988, . . . Congress sought "to protect defendants from burdensome litigation having no legal or factual basis." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (citations omitted). Accordingly, where the prevailing party is the defendant, the district court may exercise its discretion to award such fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

Plaintiffs asserted claims based upon 42 U.S.C. § 1983 and therefore this action should have been filed in federal court. Moreover, it is well settled that § 1983 requires a plaintiff to allege a deprivation of a right secured by the U.S. Constitution or laws of the United States. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). Here, without any legal support for doing so, Plaintiffs attempted to fashion a § 1983 claim in state court alleging violations of state law. Meanwhile, an identical action was pending in federal court as a purported class action brought by the same attorneys. Simply put, this action was unnecessary and without merit.

Attorneys' fees should be awarded where a plaintiff knowingly brings a § 1983 action in the absence of a constitutional deprivation. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th

Cir. 2006) (upholding award of fees where plaintiff could not establish a constitutionally protected interest). Here, Plaintiffs did not even attempt to allege violation of any federal right or law and instead improperly used a federal statute to assert violations of state law. Moreover, as noted by this Court, Plaintiffs' Section 1983 claim was a federal cause of action over which this Court had original subject matter jurisdiction. *See* Order dated 12/28/2021 (ECF 21 at 4:13-20). It should never have been filed in state court. *See* Order dated 12/28/2021 (ECF 21 at fn 3) ("Plaintiffs' counsel intended to upcycle the Branch-Noto Complaint into a separate state court action."). Indeed, it appears this action was filed to forum shop and test unsupported theories as Plaintiffs agreed to dismiss this case with prejudice shortly after this Court remanded Plaintiffs' state tort claims. *See* Ex. A.

The entitlement to attorneys' fees rests on the equitable considerations of "the interest in preserving the integrity of the adversary judicial process that must "ultimately effectuat[e]" Congress' policies, *Christianberg*, 434 U.S. at 419 and compensating defendants for "shouldering the burden" of defeating "frivolous [or] unreasonable" claims that undermine that civil rights litigation. *Fox,* 131 S.Ct. at 2215; *see also Christianburg,* 434 U.S. at 420-21 (discussing legislative history of § 1988). Consideration of such equitable principles dictate that CCSD should be entitled to its attorneys' fees, as CCSD's budget should not be taxed with the burden of defending unsupported claims. See *Bravo v. City of Santa Maria*, 810 F.3d 659, 665 (9th Cir. 2016). *See also, Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (finding a "*defendant is entitled to 'the amount of attorneys' fees attributable exclusively to' a plaintiff's frivolous claims.*") (alteration in original); *Galen v. County of Los Angeles*, 477 F.3d 652, 668 (9th Cir. 2007) (holding that defendant is entitled to fees for the claims the court found were frivolous).

To determine whether a plaintiff's claims are sufficiently meritless to justify a fee award to the defendant, a court considers whether claims were frivolous and lacked foundation at the time they were brought, regardless of the plaintiff's subjective good faith in bringing such claims. *Hughes v. Rowe,* 449 U.S. 5, 14 (1980). Fees have been found appropriate where reasonable inquiry was not made and which are insufficient as a matter of law. See *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) ("[H]ad appellants made a reasonable inquiry into the applicable facts and law before filing their case they would have discovered the insufficiency of their civil rights claim."); see also *Tutor-Saliba Corp.*

452 F.3d at 1060 (upholding award of fees where plaintiff could not establish a constitutionally protected interest).  This Court's findings with respect to Plaintiffs' federal claims makes clear that Plaintiffs did not make any reasonable inquiry into the law prior to asserting their claims.

As there were neither legal theories nor facts that justified Plaintiffs' claims, an award of fees is appropriate.

**B.     CCSD's Requested Fees are Reasonable.**

CCSD requests an award of attorneys' fees in the amount $14,393.50.  *See*, Affidavit of Whitney Welch-Kirmse, **Exhibit B**, ¶ 3-4.  This request is based on CCSD's counsel having billed for a total of 59.9 hours of attorney/paralegal time, at rates ranging from $220 - $330 per hour for attorneys and paralegals billed at $200 per hour.  *Id*. at ¶ 3.  Invoices for the service provided are attached hereto as **Exhibit C**.

Courts in the Ninth Circuit employ the process identified in *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) to evaluate a request for fees under these 42 U.S.C. § 1988.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (§ 1988).  Under the *Hensley* framework, a court determining the amount of a reasonable fee typically proceeds in two steps.  "First, courts generally apply the 'lodestar' method to determine what constitutes a reasonable attorney's fee.  Second, the district court may then adjust the lodestar upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).  Those factors, include  Those factors may include, as relevant here, (1)   the time and labor required, (2)  the novelty and difficulty of the questions involved, (3)  the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)  whether the fee is fixed or contingent, (7)  time limitations imposed by the client or the circumstances, (8)  the amount involved and the results obtained, (9)  the experience, reputation, and ability of the attorneys, (10  the "undesirability" of the case, (11)  the nature and length of the professional relationship with the client, and (12)  awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).  Local Rule 54-14 adopts a similar standard and indicates motions for attorney fees are to include a brief summary of the results obtained, the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal services, the

preclusion of other work, the customary fee and whether it was fixed or contingent, the time limitations imposed by the circumstances, the desirability of the case, the experience and reputation of the attorneys, the nature and length of the professional relationship with the client, awards in similar cases and any other information the court may request. *See*, LR II 54-14(a)(3).

### 1. The Proposed Lodestar is reasonable.

Under the lodestar method, the district court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). A "reasonable hourly rate" is determined by the "prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

More than six years ago, a federal court in the District of Nevada approved hourly rates in the amounts of $350 and $400 for attorneys in a civil rights case. See *Doud v. Yellow Cab of Reno, Inc.*, 3:13-cv-00664-WGC, at *8-9 (D. Nev. May 18, 2015). Here, the rates charged to CCSD, who receives a substantial discount from the firm of Greenberg Traurig, were below that accepted rate and well below the attorneys' respective customary rates:

| ATTORNEY | EXPERIENCE | CCSD RATE | CUSTOMARY RATE |
|---|---|---|---|
| Ferrario | >40 years | $330 | $700 |
| Hendricks | >20 years | $290 | $545 |
| Welch-Kirmse | >10 years | $220 | $430 |
| Jordan | >2 years | $220 | $325 |

See Ex. B, ¶ 8. The CCSD rate for paralegal time is similarly reduced to $200, from the customary rate of $295. *Id.* at ¶ 8. While the federal courts in Nevada have thus far approved an hourly billing rate for paralegals in this community of only as high as $125, *see LHF Prods., Inc. v. Kabala*, Case No. 2:16-cv-0208-JAD-NJK, 2019 WL 7403960, at *8 (D. Nev. Dec. 31, 2019), this reflects only an increase of $25 from a rate approved seven years prior. *Nevada v. Renown Health*, Case No. 3:12-cv-00409 (D. Nev. Aug. 10, 2012) ("the reasonable hourly rate for paralegals in this district is between $75 and $125"). However, these rates do not appear to reflect actual current market prices. Indeed, more than ten years ago, in 2011, a Nevada federal court noted that an arbitrator had *reduced* the

charged paralegal rates to $165 per hour for paralegals in a case involving federal statutory rights. " $1" *IN RE Wal-Mart Wage Hour Employment Practices LITI*, MDL 1735 2:06-CV-00225-PMP-PAL, at *15 (D. Nev. Oct. 11, 2011).

As the rates charged to CCSD reflect significant reductions from the rates customarily charged in this community, the rates charged should be deemed reasonable hourly fees for purposes of the lodestar.

### i. Time and Labor Required.

The work involved included responding to multiple causes of action, in a voluminous complaint. CCSD was required to remove the case to federal court, prepare a Motion to Dismiss and defend against Plaintiffs' Motion to Remand. Time was also spent, as noted, analyzing and refuting Plaintiffs' purported data regarding COVID-19, communicating with the client and with opposing counsel, and engaging in motion practice. Notably, CCSD was able to use some of the research it performed in response to similar claims asserted in the Branch-Noto Case, otherwise, CCSD's fees would have been higher in this case.

### ii. Novelty and Difficulty of the Questions Involved.

The hours spent on these tasks were reasonable and necessary, in light of the number of claims raised by Plaintiffs. While caselaw makes clear that Plaintiffs' claims were meritless, Plaintiffs' attorneys were required to conduct the necessary research and to draft the appropriate motions.

### iii. The Skill Required to Perform the Legal Service Properly.

CCSD, as the political subdivision responsible for maintaining control of the education of children within Clark County, is in a unique position and requires high-quality legal counsel especially when it is faced with allegations that it violated persons' Constitutional Rights. Therefore, a significant degree of skill is required to successfully defend a high-profile entity such as CCSD on the constitutional and other claims asserted by Plaintiffs.

### iv. The Preclusion of other Employment by the Attorney due to Acceptance of the Case.

During the time that the attorneys at Greenberg Traurig were working on this case, they were precluded from working and billing on their other matters.

      **v.**      **The Customary Fee.**

The hourly fees charged to CCSD are substantially less than those customarily charged by the respective attorneys who worked on the case as detailed in Exhibit B at ¶ 8.

Consideration of the above factors establishes that the proposed lodestar is reasonable.

**2.**      **No Reduction from the Lodestar is Appropriate.**

The Ninth Circuit has stated on several occasions that "only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.* (citing *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1464 (9th Cir. 1988); *Cunningham v. County of Los Angeles,* 879 F.2d 481, 484 (9th Cir. 1988). The court decides whether to adjust the lodestar calculation based on an evaluation of the remaining factors articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). Application of those remaining factors show that no reduction is warranted.

      **i.**      **Whether the Fee is Fixed or Contingent.**

This factor is relevant only where a plaintiff is seeking fees.

      **ii.**      **The Time Limitations Imposed by the Client or the Circumstances.**

This case was served on CCSD on November 9, 2021. Two briefs, one seeking dismissal, and the other opposing Plaintiffs' request to remand were both filed within a few weeks.

      **iii.**      **The Amount Involved and the Results Obtained.**

It is not known what amount Plaintiffs sought for monetary damages for the purported constitutional violations. However, the potential damages appears well above that amount of fees incurred. As to results, all claims against CCSD have been dismissed either by court order or stipulation. Accordingly, the result was extremely positive considering the potential liability in question.

      **iv.**      **The Undesirability of the Case, if Any.**

As mentioned, CCSD's attorneys perform legal work for it at a reduced hourly rate. Otherwise, CCSD does not submit that the desirability of the case is a factor in determining the reasonableness of the fees.

/ / /

  **v.**  **The Experience, Reputation, and Ability of the Attorney.**

The quality of the legal work performed for the CCSD was high. Lead counsel on the case included Mark E. Ferrario, Esq., Kara B. Hendricks, Esq. and Whitney Welch-Kirmse, Esq. The biographies of each attorney are included in **Ex. 1 to Exhibit B**. All are highly respected attorneys in the Las Vegas community with extensive litigation experience. Moreover, the law firm of Greenberg Traurig, LLP is rated AV by Martindale Hubbell. The quality of this firm and the skills of the attorneys who worked on the case are well known in Las Vegas. Thus, the quality of the advocacy provided is among the highest available to Defendant in pursuing this action.

  **vi.**  **The Nature and Length of the Professional Relationship with the Client.**

The firm of Greenberg Traurig has been representing CCSD for more than twelve years. Mark Ferrario has represented CCSD for over fifteen years in a variety of administrative matters and complex litigation cases.

  **vii.**  **Awards in Similar Cases.**

Defendant has not found a comparable case where Plaintiffs have brought multiple unsupported constitutional claims and failed to satisfy any of them as a matter of law. However, given that CCSD's counsel performed over 59.9 hours of legal tasks at substantially reduced rates, CCSD's attorneys' fees of $14,393.50 are inherently reasonable.

## **CONCLUSION**

Based on the foregoing, CCSD respectfully requests the court award its attorney fees in the amount of $14,393.50 plus additional fees associated with preparing the subject motion, any reply and attending any hearing.

DATED this 11th day of January, 2022.

            **GREENBERG TRAURIG, LLP**

            By: */s/ Whitney L. Welch-Kirmse*
              MARK E. FERRARIO (SBN 01625)
              KARA B. HENDRICKS (SBN 07743)
              WHITNEY L. WELCH-KIRMSE (SBN 12129)
              *Attorneys for Defendant Clark County School District*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **11th day of January, 2022**, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                         */s/ Evelyn Escobar-Gaddi*
                                         An employee of GREENBERG TRAURIG, LLP

ACTIVE 62328215v1